**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-7531**

DEANDRE DUNSTON,

      Plaintiff - Appellant,

    v.

NURSE MARY TAYLOR, Individual capacity; NURSE WALL, Individual; HSA
A. BOYD, Individual capacity,

      Defendants – Appellees,

    and

COLONEL CRAIG, Individual capacity; SUPERINTENDENT CARMEN I.
DESADIER, Individual capacity; SUPERINTENDENT LARRY LEABOUGH,
Individual capacity; SUPERVISOR POARCH, Individual capacity; CHAPLAIN
JOHN COLLINS, Individual capacity; CHAPLAIN BLACKWELL, Individual
capacity; CAPTAIN T. MACK, Individual capacity; CPL. BREWTON, Individual
capacity; OFFICER HALPAIN, Individual capacity; CPL. BROWN, Individual
capacity; OFFICER LAU, Individual capacity; SGT. GREENWAY, Individual
capacity; SGT. BEASLEY, Individual capacity,

      Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at
Richmond. Henry E. Hudson, Senior District Judge. (3:20-cv-00727-HEH-EWH)

Submitted: February 24, 2022          Decided: March 1, 2022

Before GREGORY, Chief Judge, and NIEMEYER and KING, Circuit Judges.

———————————

Vacated and remanded by unpublished per curiam opinion.

———————————

DeAndre Dunston, Appellant Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

DeAndre Dunston, a Virginia inmate, appeals the district court's order dismissing without prejudice his 42 U.S.C. § 1983 action for failing to apprise the court of his change in address. The district court dismissed Dunston's action on September 14, 2021, after learning that, on September 1, 2021, the United States Postal Service had returned as undeliverable an August 24, 2021, memorandum opinion and order that the district court clerk had mailed to Dunston's address of record. On September 16, 2021, the district court received from Dunston a notice of address change that was dated September 13, 2021, and postmarked September 15, 2021. The district court did not take any action in response to that notice, and Dunston subsequently noted an appeal from the dismissal order.

On appeal, Dunston explains that he was transferred from a regional jail to a correctional center in late August 2021 and placed in quarantine for about two weeks based on the COVID-19 pandemic. He further asserts that he was not allowed to bring any paper, envelopes, or stamps with him from the regional jail to the correctional center, and that he was initially prevented from obtaining those items from the commissary at the correctional center. Lastly, Dunston maintains that he sent his notice of address change to the district court as soon as he could after his transfer.

Upon our review of the record, we are satisfied that the dismissal order should be vacated. Notably, the record suggests that Dunston may have given his notice of address change to prison officials for mailing before the district court entered the dismissal order. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (establishing prison mailbox rule). Moreover, Dunston has provided a persuasive justification for why he could not earlier

3

notify the district court of his change in address. In these circumstances, we vacate the dismissal order and remand for further proceedings on Dunston's complaint. We also deny Dunston's "Motion for Imminent Danger of Physical Injury."

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*